United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONNIE BROWN,

Plaintiff,

v

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

_________________________________/

No C 04-1536 VRW

ORDER

Plaintiff Connie Brown (Brown) brings suit against the City and County of San Francisco (CCSF) alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e (Title VII), 42 USC § 1981 (§ 1981), 42 USC § 1983 (§ 1983) and the California Fair Employment and Housing Act (FEHA), Cal Govn't Code § 12900, et seq. Doc #1 (Compl). CCSF moves the court partially to dismiss Brown's complaint pursuant to FRCP 12(b)(6) and to strike specific allegations pertaining to punitive damages pursuant to FRCP 12(f). Doc #11. For the reasons below, the court GRANTS IN PART CCSF's motion.

United States District Court
For the Northern District of California

I

Brown is an African American female employed by CCSF's Department of Public Works (DPW). Compl at ¶ 4. On July 9, 2001, Brown, along with seventeen other CCSF employees, filed a complaint against CCSF alleging racial discrimination. Armstrong v City and County of San Francisco, C-01-2611-VRW (ND Cal 2001) (hereinafter Armstrong); Id at ¶ 7. On July 17, 2003, Brown filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging additional discrimination and retaliation subsequent to the filing of Armstrong. Doc #13 (Jud Not), Ex A. She received a right to sue letter from the EEOC on January 21, 2004. Compl at 2. On April 20, 2004, Brown filed the present suit alleging that she has been subjected to (1) additional racial discrimination since the filing of the complaint in Armstrong and (2) retaliation based upon her participation in Armstrong, all in violation of FEHA, Title VII, § 1983 and § 1981.

Specifically, Brown claims that she was denied sick leave on different days during September 2002. Compl at ¶ 8. Brown asserts that Jim Horan (Horan), head of personnel at DPW, refused to grant her sick leave without proof of medical necessity. Id. Brown states that, to the best of her knowledge, no non-African American employee has ever been required to produce evidence of medical necessity before taking sick leave. Id.

Also, Brown alleges she received a false performance appraisal report (PAR) from Chris Montgomery (Montgomery). Compl at ¶ 9. Brown alleges that the false PAR was another instance of retaliation. On September 20, 2002, Brown challenged the PAR through CCSF's administrative procedures. Id. The challenge

United States District Court
For the Northern District of California

resulted in some degree of modification to the PAR but not in conformity with Brown's true job performance. Id.

Finally, Brown alleges that there have been "numerous [other] instances of race discrimination, disparate treatment and retaliation [which are] consistent with CCSF's pattern and practice of [racial] discrimination," but she does not cite any additional specific incidents. Id at ¶ 10.

CCSF moves to dismiss Brown's § 1981 and § 1983 claims for failure to state a claim under Rule 12(b)(6). Doc #11 at 2-4. Additionally, CCSF moves to dismiss Brown's Title VII claims based upon the statute of limitations insofar as these claims stem from events occurring prior to September 21, 2002. Id at 4-5. Finally, CCSF moves to strike Brown's allegations requesting or relating to punitive damages. Id at 5-6. In her opposition, Brown agrees to (1) dismiss all claims premised on § 1981 and (2) strike any paragraph in her prayer for relief that relates to punitive damages. Doc #14 at 1. She does, however, defend her Title VII and § 1983 claims. Id.

## II

### A

FRCP 12(b)(6) motions to dismiss essentially "test whether a cognizable claim has been pleaded in the complaint." Scheid v Fanny Farmer Candy Shops, Inc, 859 F2d 434, 436 (6th Cir 1988). Although a plaintiff is not held to a "heightened pleading standard," the plaintiff must provide more than mere "conclusory allegations." Swierkiewicz v Sorema NA, 534 US 506, 515 (2002) (rejecting heightened pleading standards); Schmier v United States

United States District Court
For the Northern District of California

Court of Appeals for the Ninth Circuit, 279 F3d 817, 820 (9th Cir 2002) (rejecting conclusory allegations).

All material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. See In re Silicon Graphics Inc Sec Lit, 183 F3d 970, 980 n10 (9th Cir 1999). But "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v Golden State Warriors, 266 F3d 979, 988 (9th Cir 2001) (citing Clegg v Cult Awareness Network, 18 F3d 752, 754-55 (9th Cir 1994)). Review of a FRCP 12(b)(6) motion to dismiss is generally limited to the contents of the complaint, and the court may not consider other documents outside the pleadings. Arpin v Santa Clara Valley Transp Agency, 261 F3d 912, 925 (9th Cir 2001).

Brown alleges CCSF is liable under § 1983 for race discrimination and retaliation. Brown's complaint states simply that CCSF has "violated federal law" in discriminating and retaliating against her; she does not specify which federal law she is referring to (e g, First Amendment, Fourteenth Amendment, Title VII). Compl at 8-9.

Municipalities and local government units may be held liable under § 1983. Monell v Department of Social Services, 436 US 658, 690-91 (1978). Municipal liability is limited to situations in which the injury is inflicted pursuant to government "policy or custom" and may not be based on a respondeat superior theory. Id at 694. A § 1983 plaintiff may establish municipal liability in one of three ways: First, she may prove that a constitutional violation was committed pursuant to a "longstanding

United States District Court
For the Northern District of California

practice or custom which constitutes the standard operating procedure of the local government entity." Gillette v Delmore, 979 F2d 1342, 1346 (9th Cir 1992) (internal quotation marks and citations omitted). Next, she may prove that the constitutional tort was committed by someone with "final policy-making authority" for the entity. Id (citations omitted). Finally, she may prove that an official with policy-making authority ratified a subordinate's unconstitutional decision. Id at 1346-47 (citations omitted). In the Ninth Circuit, "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" Karim-Panahi v Los Angeles Police Dept, 839 F2d 621, 624 (9th Cir 1988) (quoting Shah v County of Los Angeles, 797 F2d 743, 747 (9th Cir 1986)).

Brown specifies two events, the denial of sick leave and the PAR report, as examples of the discrimination and retaliation she has suffered. CCSF asserts that Brown fails to state a claim because she has not alleged that Horan or Montgomery have "final policy making authority." Doc #15 at 2 (emphasis in original). While the court agrees that Brown has not alleged that either individual has such authority, that is not the only way Brown can state a cause of action under § 1983. In her complaint, Brown explicitly states that she has been subjected to "numerous instances of race discrimination[,] disparate treatment and retaliation consistent with CCSF's pattern and practice of discrimination against African-Americans." Compl at 3, ¶ 10. Under the Ninth Circuit's liberal pleading standard for stating a

cause of action for municipal liability, Karim-Panahi, 839 F2d at 624, the court concludes that Brown has alleged that she was discriminated and retaliated against in accordance with a "longstanding practice or custom" which constitutes the standard operating procedure of DPW. That is all that is required to survive a Rule 12(b)(6) motion. Of course, this says nothing about whether Brown can marshal sufficient evidence of a long standing practice or custom to survive a motion for summary judgment.

B

Brown claims that she was subjected to disparate treatment, retaliation and a hostile work environment in violation of Title VII. Compl at 4-5, 8. CCSF moves to dismiss the claims for disparate treatment and retaliation insofar as these claims are premised on conduct occurring prior to September 20, 2002. Doc #11 at 5-6.

Title VII requires a plaintiff to file EEOC charges within 180 days of the alleged unlawful practices. 42 USC 2000e-5(e)(1). CCSF, however, concedes that Brown's deadline was extended to 300 days because California has a local agency with similar investigatory authority over state law claims. Id at 4 (citing Laquaglia v Rio Hotel & Casino, Inc, 186 F3d 1172, 1174-75 (9th Cir 1999)). As mentioned above, Brown filed her EEOC charge on July 19, 2003. Counting back 300 days from this date, any claim premised on conduct occurring prior to September 20, 2002, is time-barred.

CCSF is wise not to challenge Brown's hostile work environment claim, as this claim represents a "continuing

United States District Court
For the Northern District of California

violation" which is presently occurring and thus is not time-barred under Supreme Court precedent. See Nat'l Railroad Passenger Corp v Morgan, 536 US 101, 112-15 (2002). Brown's Title VII claims for retaliation and disparate treatment, however, are not continuing violations under Morgan; they are based "discrete acts" which "occurred on they day that [they] happened." Id at 110. Specifically, Brown asserts that she was retaliated and discriminated against when Montgomery gave her a false PAR and each time Horan denied her sick leave. These unlawful employment practices represent discrete acts that have a precise moment of occurrence. Accordingly, to the extent that Brown's Title VII claims for retaliation and disparate treatment are premised on the conduct of Horan, Montgomery or any CCSF employee occurring prior to September 20, 2002, those claims are time-barred and thus are dismissed with prejudice.

III

In sum, the court GRANTS IN PART CCSF's motion to dismiss and strike (Doc #11). Pursuant to Brown's concession, all § 1981 claims are dismissed and ¶¶ 3, 16, 20, 24, 28, 37 and 41 insofar as they reference Brown's prayer for punitive damages are stricken. CCSF's motion to dismiss Brown's § 1983 claims is DENIED. The motion to dismiss Brown's Title VII claims for retaliation and disparate treatment is GRANTED insofar as these claims are premised on discrete acts occurring prior to September 20, 2002.

To be clear, Brown may proceed on all of her FEHA claims, all of her § 1983 claims, her Title VII claim for hostile work

//

United States District Court
For the Northern District of California

environment and her Title VII claims for retaliation and disparate treatment to the extent they are premised on conduct occurring on or subsequent to September 20, 2002.

The parties should note that the dates set in the stipulation and order entered on March 17, 2005 (Doc #27), remain in effect.

IT IS SO ORDERED.



VAUGHN R WALKER
United States District Chief Judge